UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SONNY STORMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01235-JMS-DML |
| | ) | |
| NATE PULLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This action is based on Sonny Storms' allegations that he was deprived of a medically necessary lacto-ovo diet for eight months at the Correctional Industrial Facility. The defendant, CIF Food Service Director Nate Pulley, seeks summary judgment on the affirmative defense that Mr. Storms failed to exhaust administrative remedies before filing this lawsuit. Mr. Storms' motion is granted, and this action is dismissed.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 572-73 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Mr. Storms failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285–86 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does

2

"reduce the pool" from which facts and inferences may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997) (cleaned up). Thus, "[e]ven where a non-movant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment [i]s proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

## II. Prison Litigation Reform Act

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Sys., Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). In this case, the substantive law is the Prison Litigation Reform Act (PLRA), which requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," the defendant faces the burden of establishing that "an administrative remedy was available and that [Mr. Storms] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word

3

'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted).

### III. Facts

The Indiana Department of Correction's (IDOC) Offender Grievance Process (OGP) is an administrative remedy program designed to allow inmates "to express complaints and topics of concern for the efficient and fair resolution of legitimate offender concerns." Dkt. 24-2 at § II. Inmates can use the OGP to resolve concerns about "[a]ctions of individual staff" and "concerns relating to conditions of care or supervision within the [IDOC]." *Id.* at § IV(A). Mr. Storms' concerns about his diet were appropriate matters to raise through the OGP.

To exhaust the OGP's remedies, an inmate must complete four steps.

First, the inmate must attempt to resolve his concern informally "by discussing the complaint with the staff member responsible for the situation or, if there is no such single person, with the person who is in charge of the area where the situation occurs." *Id.* at § X.

Second, if the inmate is unable to achieve a satisfactory resolution informally, he must submit a formal grievance to the Offender Grievance Specialist on State Form 45471. *Id.* at XI. If the formal grievance meets the minimum standards set out in the OGP, the Specialist will investigate the matter and respond in writing. *Id.*

Third, if the inmate is unsatisfied with the Specialist's response, the inmate must appeal. *Id.* at § XII. The inmate completes State Form 45473, stating the reasons for his appeal, and submits it to the Specialist. *Id.* The Specialist forwards the appeal form, along with the original

4

grievance and response, to the Warden. *Id.* The Warden responds in writing on the same appeal form the inmate submitted and returns it to the inmate. *Id.*

Finally, if the inmate is unsatisfied with the Warden's response, he must submit a final appeal to the IDOC's Offender Grievance Manager. *Id.* at § XIII. The inmate does not complete a separate form to submit his second-level appeal. Rather, he checks a box at the bottom of the original appeal form, returned by the Warden, stating that he disagrees with the Warden's decision and submits it to the Specialist. *Id.*

Mr. Storms filed his complaint on May 17, 2021. Dkt. 1. Before then, he filed only one formal grievance concerning his diet. Mr. Storms filed grievance 126526 on April 20, 2021, and received a response one week later. Dkt. 24-3 at 1–3. Mr. Storms did not appeal that response. *Id.*

Mr. Storms continued to file grievances after filing his complaint. *Id.* at 4–23. He filed a second-level appeal in only one. Mr. Storms submitted formal grievance 130724 on July 30, 2021. *Id.* at 20. He received a response on August 2 and appealed the next day. *Id.* at 22–23. The Warden responded on August 11, and Mr. Storms immediately indicated his disagreement and submitted his second-level appeal. *Id.* at 23.

### IV. Analysis

The undisputed facts show that Mr. Storms failed to exhaust the remedies available through the OGP before initiating this action. Mr. Storms began the process by filing a formal grievance, but he did not complete the process by filing "appeals as the rules dictate." *Reid*, 962 F.3d at 329.

Mr. Storms later completed the OGP by pursuing a second-level appeal, but he did so nearly three months after filing his complaint and initiating this lawsuit. "'No action shall be brought'" under the PLRA "until exhaustion has been completed." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). The Court must "dismiss[] a suit that begins too soon, even if the plaintiff

5

exhausts his administrative remedies while the litigation is pending." *Id.*[1] Mr. Storms did just that, and the result is summary judgment for Mr. Pulley.

As a final matter, Mr. Storms states under penalty of perjury in his complaint that he "started the grievance process until Authorities thwarted [his] attempts." Dkt. 1 at 5. But "'conclusory statements, not grounded in specific facts, are not sufficient to avoid summary judgment.'" *Bordelon v. Board of Education of the City of Chicago*, 811 F.3d 984, 989 (7th Cir. 2016) (cleaned up) (quoting *Lucas v. Chicago Transit Auth.*, 367 F.3d 714, 720 (2004)). Mr. Pulley presented admissible evidence—Mr. Storms' grievance records—showing that the grievance process was available to Mr. Storms and that he failed to exhaust it before filing suit. Mr. Storms did not challenge the admissibility or strength of that evidence, and he did not present admissible evidence to the contrary. The broad statement in Mr. Storms' complaint is not enough to create a material factual dispute.

## V. Conclusion

Mr. Pulley's motion for summary judgment, dkt. [23], is **granted**. This action is **dismissed without prejudice**. *See Ford*, 362 F.3d at 401 ("[I]f the prisoner does exhaust, but files suit early, then dismissal of the premature action may be followed by a new suit that unquestionably post-dates the administrative decision. . . . [T]herefore . . . *all* dismissals under § 1997e(a) should be without prejudice.") (emphasis in original). The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 4/13/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[1] The Supreme Court recently suggested that a plaintiff may satisfy the PLRA's exhaustion requirement by filing a complaint, completing the administrative remedy process, and then filing an *amended* complaint that replaces the original. *See Ramirez v. Collier*, --- S. Ct. ---, No. 21-5592, 2022 WL 867311, at *7 (Mar. 24, 2022) ("The original defect was arguably cured by those subsequent filings."). The Court need not strain to parse the ruling in *Ramirez*, however, as Mr. Storms did not amend his pleadings after completing the grievance process.

Distribution:

SONNY STORMS
966322
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064


Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Georgianna Q. Tutwiler
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com